**Jennifer S. Clark**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2d Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email:   Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 21-52-M-DLC |
| Plaintiff, | **OFFER OF PROOF IN SUPPORT OF GUILTY PLEA** |
| vs. | |
| **SAVANNAH SHOSHANA SMITH,** | |
| Defendant. | |

The United States of America, represented by Assistant United States Attorney Jennifer S. Clark, files its offer of proof in anticipation of the change of plea hearing.

### THE CHARGES

The defendant, Savannah Shoshana Smith, is charged by superseding information in Count I with possession with intent to distribute methamphetamine

1

and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and in Count II with drug user and addict in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(3) There also is a forfeiture allegation contained in the superseding information.

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will enter a voluntary plea of guilty to the superseding information. The defendant stipulates that she possessed the firearms and ammunition located in her residence in connection to this drug trafficking offense. The United States will recommend a two-level reduction in defendant's offense level for acceptance of responsibility and one additional level, if appropriate. The defendant waives her right to appeal.

The United States presented all formal plea offers to the defendant in writing. In the government's view, the plea agreement entered into by the parties and filed with the Court represents the most favorable offer extended to the defendant. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order to prove the charge contained in the superseding information to which defendant is pleading guilty, the United States would have to prove the following elements beyond a reasonable doubt.

**As to Count I:**

First, the defendant knowingly possessed methamphetamine and fentanyl;

Second, the defendant possessed methamphetamine and fentanyl with intent to distribute it; and

Third, at least 500 grams of a substance containing a detectable amount of methamphetamine and a substance containing a detectable amount of fentanyl was involved.

**As to Count II:**

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped and transported from one state to another;

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user of a controlled substance, that is, opioids that were not prescribed to her; and,

Fourth, at the time the defendant possessed the firearm, the defendant knew she was an unlawful drug user of a controlled substance.

## PENALTY

Count I of the superseding information charges the crime of possession with the intent to distribute methamphetamine and fentanyl. This offense carries a mandatory minimum punishment of five years up to life imprisonment, a

$5,000,000 fine, at least four years supervised release, and a $100.00 special assessment.

Count II of the superseding information charges the crime of drug user and addict in possession of firearms and ammunition. This offense carries a punishment of up to ten years imprisonment, a $250,000 fine, three of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of testimony of law enforcement officers, lay and expert witnesses and physical evidence the following:

Law enforcement served a search warrant on Savannah Smith and Carlos Aguirre's residence at 45 Russell Park West in Missoula, Montana on October 6, 2021. They conducted a traffic stop on Aguirre to execute a search warrant on the car. They located a quarter pound of methamphetamine packaged for sale and a Glock 9mm that Aguirre had removed from his body when he was stopped. Inside the residence they located approximately 3,158 grams (6.9 pounds) of methamphetamine, approximately 66 grams of Fentanyl and 200 grams of p-Fluorofentanyl.

  

There were 20 firearms throughout the residence. Records showed that Smith purchased 22 firearms between February 2020 and August 2021.

Smith told officers that Aguirre would give her methamphetamine, and she would trade the methamphetamine for opiate pills. Smith admitted to trading methamphetamine for pills approximately five to ten times. She confirmed that she would trade "8-balls" (3.5 grams) and "t-shirts" (1.7 to 1.8 grams) of methamphetamine for pills. Smith admitted she was addicted to opioids.

The government submits that the aforementioned evidence would prove beyond a reasonable doubt all the elements of the crime charged in the indictment.

Respectfully submitted this 22nd day of April, 2022.

        LEIF M. JOHNSON
        United States Attorney


        */s/ Jennifer S. Clark*
        Assistant U.S. Attorney
        Attorney for Plaintiff