**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**101 East Front Street, Suite 401**
**Missoula, MT 59801**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**FAX:  (406) 542-1476**
**E-Mail:  Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **SAVANNAH SHOSHANA SMITH,** Defendant. | CR-21-52-M-DLC **SENTENCING MEMORANDUM** |

INTRODUCTION

Savannah Shoshana Smith pleaded guilty to of the superseding information which charges possession with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and count 2 which charges drug user and addict in possession of firearms and ammunition in violation of 18 U.S.C. §

1

922(g)(3). PSR ¶ 6. The presentence investigation report has calculated an advisory Guideline range of 168 to 210 months, based on a total offense level of 35 and a criminal history category of I. PSR ¶ 112. The offense in count 1 carries a mandatory minimum sentence of five years. PSR ¶ 111. The United States will recommend a sentence within the guidelines.

## THE OFFENSE

In August 2021, ATF received information that Savannah Smith was purchasing multiple firearms in single transactions on several occasions. PSR ¶ 14. Since February 28, 2020, Smith had over ten separate multiple-sale summary reports. PSR ¶ 15. Smith purchased approximately 22 firearms. The majority of the purchases were for Glock handguns. This type of behavior is indicative of firearms trafficking. *Id*.

ATF discovered that three of the firearms Smith purchased in Montana were recovered in Fresno, California, in three separate criminal investigations. PSR ¶ 16. On October 7, 2016, Smith purchased a Glock 9mm that was recovered by Fresno police in December 2019. The firearm was found in a vehicle of a convicted felon with gang associations. PSR ¶ 16. On February 28, 2020, Smith purchased a Glock 9mm that was recovered by Fresno police in June 2020 from a male who admitted gang affiliation. PSR ¶ 17. On October 21, 2020, Smith purchased a Glock 9mm pistol that was recovered in Freson in May 2021. PSR ¶

21. The suspect threatened to shoot another person during a physical altercation. The suspect admitted she purchased the gun for $1,000 a month prior from an unknown source. *Id*. Law enforcement is aware that she belonged to a gang. *Id.*

In May 2022, Fresno police responded to a double homicide. PSR ¶ 18. One of the firearms recovered was a Glock pistol. The serial number on the slide of the gun matched a gun Smith purchased in Montana in February 2020. PSR ¶ 19.

ATF learned that Smith lived with Carlos Aguirre in Missoula, Montana. PSR ¶ 22. Aguirre also maintained an address in Fresno, California and had active links to gangs in Fresno. PSR ¶ 22. Investigators learned that Aguirre made several trips to Fresno after Smith made gun purchases. PSR ¶ 23. On October 5, 2021, ATF learned that Smith and Aguirre were returning to Montana from California. PSR ¶ 24.

On October 6, 2021, ATF SA Hess was conducting surveillance at Cash 1 Pawn when he observed Smith enter the store and purchased two firearms. PSR ¶ 25. ATF followed Smith to her residence, where Aguirre assisted her in taking the firearms into the residence. PSR ¶ 26.

ATF obtained a search warrant for the residence and the vehicle they were driving. PSR ¶ 27. The conducted a traffic stop on Aguirre and recovered approximately one-quarter pound of methamphetamine packed for distribution and

3

a Glock 9mm handgun that Aguirre removed from his person when stopped. PSR ¶ 27. At the residence they seized approximately 6.8 pounds of methamphetamine, suspected fentanyl pills, drug distribution paraphernalia, assorted ammunition and 21 firearms located throughout the residence. PSR ¶ 28. Smith admitted she traded methamphetamine that she received from Aguirre five to ten times for pills. PSR ¶ 31.

## CRIMINAL HISTORY AND RELEVANT CHARACTERISTICS

Smith is 38 years old. She has two children with co-defendant Aguirre, ages seven and five. PSR ¶ 79. She obtained her GED in 2003. PSR ¶ 101. She cares for her mother who is in a wheelchair. PSR ¶ 73.

Smith reports she is in good physical and mental health. PSR ¶¶ 84-85, 89. She is prescribed Suboxone, which she started in June 2021. PSR ¶ 85. She first drank alcohol at age 22. She stated she isn't much of a drinker because she doesn't like the way it makes her feel. PSR ¶ 92. By age 17, she was experimenting with opiates to relieve her back pain. PSR ¶ 93. She reported consistently using opiates from age 24 to 37 when she began receiving Suboxone treatment. *Id.* She identified her children as a big motivating factor to stop using. *Id.* She takes Suboxone daily and has not received any substance abuse counseling. PSR ¶ 97. Smith had a minor in possession conviction in 2004 and some traffic offenses. PSR ¶¶ 64, 67.

## RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" in light of the following factors:

- reflect the seriousness of the offense

- promote respect for the law

- provide just punishment

- afford adequate deterrence to criminal conduct

- protect the public from further crimes of the defendant

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

Smith's characteristics and criminal history do not suggest that she needs a significant sentence to address. She has her GED and has skills that make her employable.  However, the conduct that brought her before the Court is concerning.  She has purchased many firearms and at least four of those guns have

made their way to California in some form and have been used in violent crimes. This conduct is what drew the attention of law enforcement and precipitated the search of the residence, where 21 guns, approximately 6.8 pounds of methamphetamine, and fentanyl pills were located. The guns were found throughout the residence and easily accessible by her two young children. Smith contests that the full weight of the methamphetamine located in the garage should not be attributed to her. She requests that she only be held accountable for the amounts she asserts she distributed. Smith admitted distributing methamphetamine that was provided to her from Aguirre. She admitted that she possessed with the intent to distribute at least 50 grams of a substance containing a detectable amount of methamphetamine, bringing her under the five-year mandatory minimum. Additionally, she agreed that the firearms possessed were in connection to drug trafficking.

The United States will recommend a sentence with the advisory Guideline range ultimately calculated by the Court as being sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

DATED this 24th day of October, 2022.

> JESSE A. LASLOVICH
> United States Attorney
>
> */s/ Jennifer S. Clark*
> Assistant U.S. Attorney
> Attorney for Plaintiff